NANCY ALLEN *v.* DAVID E. ALLEN, Administrator of the Succession of Edwin Allen.

The rights of married persons are not to be regulated by the laws of the State in which the marriage is celebrated, when it appears that it was their intention to remove immediately, and fix their residence in another country.

Where the record contains no evidence of the laws of another State, according to which it is contended that the case should be decided, it must be determined by our own laws.

The property which a wife inherits during marriage, is, according to the laws of this State, separate and paraphernal.

A plaintiff on recovering a slave, will not be compelled to pay for the food and clothing of her children while in possession of defendant, where the value of her services was equivalent to any such expense.

APPEAL from the Court of Probates of Ouachita, *Lamy,* J.

*Downs* and *B. W. Richardson,* for the appellant. The record containing no evidence of the laws of Mississippi, this case must be decided by our own. Though married in Mississippi, the intention of the parties was to reside in this State, and their rights must be governed by our laws. 3 Mart. 61. 2 Ib. N. S. 574.

*Baker,* for the defendant.

MARTIN, J. The plaintiff is appellant from a judgment setting aside her opposition to the sale of certain slaves, which she claims as her property, but which were taken possession of and inventoried by the defendant, the administrator of her deceased husband, as part of his estate. She avers, that she was married in the territory of Orleans, in the year 1806 ; that, in the year 1817, her father died, and she inherited from him, a female slave named Penny, who was delivered to her said husband, in whose possession she continued until his death, and afterwards came into her possession, as her property.

The defendant pleaded the general issue, averring, that the plaintiff was married to his intestate in the State of Mississippi, and resided with him, in that State, at the death of her father, where he reduced the slave Penny to possession ; and that, sometime after, he removed with the plaintiff into the State of Louisiana.

In answer to interrogatories propounded to her by the defend-

ant, the plaintiff stated, that her marriage was solemnized in the territory of Mississippi, but that the parties were then residents of the territory of Orleans, and that the reason of their going over to the territory of Mississippi to be married, was the absence of any magistrate within a convenient distance in that of Orleans ; that, at the time of her father's death, she, and her husband, lived in the State of Mississippi, and that they received the slaves there, in 1818, her father having died the preceding year ; that two years after, she and her husband removed to Fairchild's Island, in the Mississippi River, where they resided six years, and which she has understood, is now a part of the State of Mississippi ; and that one of the children of Penny was born in Mississippi.

The Court of Probates appears to have been of opinion, that the title of the plaintiff to the slave Penny, and the children she afterwards had, is to be considered under the laws of the State of Mississippi ; and the counsel of the plaintiff and appellant contends, that it is to be considered under the laws of this State. The facts which are to govern our decision, are not clearly shown in evidence. Indeed, we must draw them principally from the plaintiff's answer to the interrogatories of the defendant. She states, that she and her future husband, resided in the territory of Orleans before their marriage, and that they went over to the territory of Mississippi to be married, because a magistrate could not be conveniently had in that of Orleans. The rights of spouses are not to be regulated by the laws of the State in which the marriage is celebrated, when it appears, that they immediately intend to remove and fix their residence in another country. The plaintiff does not state, in which of these territories they intended to settle. She merely informs us, that she was not married in the territory of Orleans, for a reason which induces but a probability that after the marriage, the spouses intended to settle in the territory of Orleans. She next informs us, that they lived in the State of Mississippi, in 1817, when her father died ; but she does not say a word about their returning to the territory of Orleans, after the celebration of the marriage, nor how long they remained in it. The year following the death of the plaintiff's father, the slave Penny was brought to them, and two years after they removed to

Fairchild's Island, which the plaintiff informs us, is in the State of Mississippi. It appears, that the husband died in the parish of Ouachita, about the year 1842.

On these facts, the Court of Probates concluded, that the circumstance of the future spouses crossing the river in search of a magistrate, and their previous residence in the territory of Orleans, afforded no conclusive evidence of the place which they considered as that of their intended settlement ; that the court could not well presume, that they intended to return to the territory of Orleans ; and that the laws of the State of Mississippi must, therefore, regulate the marital rights of the parties.

It is of no importance for us to examine whether the court erred, as the record contains no evidence of the laws of the State of Mississippi, and our decision must be regulated by the laws of our State, according to which, the property which the wife inherits during the marriage, is her separate or paraphernal property. She is, therefore, entitled to the slave Penny and her increase, whether born in one State or the other.

The defendant has claimed compensation for the feeding, clothing, &c., of the children ; and has urged, that the mother was chiefly employed in nursing them, and was a charge on the husband. The defendant admits, that the slave Penny was ten years of age, at the death of the plaintiff's father, and the intestate had the use of her services during twenty-four years. Caroline, her first child, was born in 1827, and was fourteen years old at the death of the intestate. At her birth, the mother was twenty years of age. Charles was born in 1829, and was about twelve years of age. Rose, the last child, was born in 1832, and was ten years old at the death of the intestate.

We are of opinion, that the labor of the mother, during the nine years which preceded the birth of her first child, and for eleven years thereafter, sufficiently compensated the expenses of the feeding, clothing, &c., of her three children, until they were able to labor as hands.

It is, therefore, ordered that the judgment of the Court of Probates be annulled ; that the plaintiff's opposition to the sale be sustained ; that the slave Penny, and her three children, Caroline, Charles, and Rose, be declared her property ; that the order of

the Court of Probates for their sale be rescinded; and that the defendant pay the costs of suit in both courts.